**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

AMILCAR ROGELIO PEREZ PEREZ (A-No. 243-163-163),

Petitioner,

v.

WARDEN GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-06077-JLT-HBK

ORDER GRANTING RESPONDENT'S MOTION FOR RECONSIDERATION AND WITHDRAWING THIS COURT'S ORDER GRANTING THE HABEAS PETITION

(Doc. 11, 13)

Currently pending before the Court is Respondents' motion for reconsideration. (Doc. 13.) On August 27, 2026, this Court granted Petitioner's petition for writ of habeas corpus and ordered Respondents to provide an initial custody determination pursuant to 8 U.S.C. § 1226(a). (Doc. 11.) On August 31, 2026, Respondents filed a motion for reconsideration asking this Court to withdraw that order. (Doc. 13.) Respondents indicate that after this Court's order issued, they learned that Petitioner had already received a bond hearing before an Immigration Judge on August 26, 2026. (*Id*. at 1.) For the reasons set forth below, the Court **GRANTS** the motion for reconsideration.

## I. LEGAL STANDARD

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id*. Rule 60(b) indicates such relief may be granted for several reasons such as

because "the judgement has been satisfied, released, or discharged; . . . or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Respondents provide sufficient evidence to show that this Court's prior order granting habeas relief has already been satisfied because Petitioner has already received the relief afforded in that order.

## II. DISCUSSION

The Court will not recite the underlying facts as explained in its prior order, (*see* Doc. 11 at 1–2), and instead includes only those facts relevant to the present motion. On June 21, 2026, DHS arrested the Petitioner and issued a Notice of Custody Determination indicating that he was being detained pending a final administrative determination in his immigration case. (Doc. 10-1 at 2; Doc. 13-1 at 1.) On August 26, 2026, an IJ held a custody redetermination hearing pursuant to 8 C.F.R. § 1236 and granted Petitioner's release on a $9,000 bond and upon any conditions DHS determines were necessary, such as the use of an ankle monitor. (Doc. 13-2 at 1.) The very next day, on August 27, 2026, this Court issued an order granting the habeas petition and ordering the precise relief already afforded to the Petitioner as explained above, including an initial custody determination and a bond hearing before an IJ. (*See* Doc. 11 at 3–4.) In their motion, Respondents indicate that they learned of the bond hearing after this Court's order issued. (Doc. 13 at 1.) Under Rule 60(b), "newly discovered evidence" warrants relief from a final judgment, as well as instances where "the judgment has been satisfied." Fed. R. Civ. P. 60(b)(2), (b)(5). Because Petitioner already received a custody determination and bond hearing *prior to* when this Court's order issued, the Court finds that the judgment has been satisfied. (Doc. 11 at 3–4; Doc. 13-1; Doc. 13-2.)

Thus, for the foregoing reasons, the Court **ORDERS:**

1. Respondents' motion for reconsideration (Doc. 13) is **GRANTED.**
2. This Court's prior order granting the habeas petition (Doc. 11) is **WITHDRAWN**.

///

///

///

3. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

IT IS SO ORDERED.

Dated: _September 27, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE